1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    EDUARD KAMILCHU,                              No.  2:21-cv-2245 DB P

12                   Plaintiff,

13           v.                                     ORDER

14    COUNTY OF SACRAMENTO, et al.,

15                   Defendants.

16

17           Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

18    U.S.C. § 1983.  On December 28, 2021, the court ordered plaintiff to pay the filing fee for this

19    action or submit a properly completed application to proceed in forma pauperis.  (ECF No. 5.)

20    Plaintiff has since submitted a motion to proceed in forma pauperis.  (ECF No. 7.)  Plaintiff has

21    also requested a ruling on this motion.  (ECF No. 9.)  The court has received plaintiff's motion

22    and will rule on it in due course.  As such, plaintiff's motion will be granted.

23           Additionally, plaintiff's complaint is also presently before the court for screening. (ECF

24    No. 1.)  The court is required to screen complaints brought by prisoners seeking relief against a

25    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

26    However, the court cannot conduct the required screening as, in its current form, the complaint is

27    illegible.  Plaintiff has written much of the complaint in small, compact text.  (See ECF No. 1.)

28    As plaintiff's complaint must be scanned to be added to the docket, the small text makes the

1

1   complaint illegible.  Accordingly, the court will dismiss the complaint and direct plaintiff to file

2   an amended complaint that is legible.

3          Plaintiff should note that the federal rules contemplate brevity.  See Galbraith v. County

4   of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have

5   now disapproved any heightened pleading standard in cases other than those governed by Rule

6   9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  In

7   any amended complaint, plaintiff's claims must be set forth in short and plain terms, simply,

8   concisely, and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a)

9   is the starting point of a simplified pleading system, which was adopted to focus litigation on the

10  merits of a claim."); Fed. R. Civ. P. 8.

11         Plaintiff is further informed that the court cannot refer to a prior pleading in order to make

12  his amended complaint complete.  An amended complaint must be complete in itself without

13  reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all

14  prior pleadings are superseded.  Therefore, in an amended complaint, as in an original complaint,

15  each claim and the involvement of each defendant must be sufficiently alleged.  Additionally,

16  pursuant to Rule 20 unrelated claims against different defendants belong in separate suits.

17         In accordance with the above, IT IS HEREBY ORDERED that:

18     1.  Plaintiff's request for ruling (ECF No. 9) is granted.  The court will rule on plaintiff's

19         motion to proceed in forma pauperis in due course.

20     2.  The complaint (ECF No. 1) is dismissed with leave to amend.

21     3.  Within sixty (60) days of the date of this order plaintiff shall file an amended

22         complaint that complies with the requirements of the Civil Rights Act, the Federal

23         Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint

24         must bear the docket number assigned to this case and must be labeled "First

25         Amended Complaint."

26     4.  The Clerk of the Court is directed to send plaintiff a copy of the civil rights complaint

27         form.

28  ////

2

5.  The Clerk of the Court is also directed to send plaintiff a copy of his initial complaint (ECF No. 1).

6.  Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  February 15, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/R/kami2245.scrn