UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDUARD KAMILCHU,

    Plaintiff,

    v.

COUNTY OF SACRAMENTO, et al.,

    Defendants.

No. 2:21-cv-02245 DB P

ORDER

Plaintiff, an inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated his Eighth Amendment rights through deliberate indifference to dangerous conditions of plaintiff's confinement. Presently before the court is plaintiff's First Amended Complaint ("FAC") for screening (ECF No. 13) and his motion for leave to proceed in forma pauperis (ECF No. 7). For the reasons set forth below, plaintiff's FAC is dismissed with leave to amend. Plaintiff's motion to proceed in forma pauperis will be granted.

////
////
////
////
////
////

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 7.) Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

## III. Allegations in the FAC

Plaintiff states that, at all relevant times, he was a prisoner at the Sacramento County Main Jail. (ECF No. 13 at 1.) Plaintiff names the County of Sacramento as the sole defendant in this action. (Id. at 1, 2)

The FAC contains the following allegations: While plaintiff was located in the Sacramento County Main Jail, he was subject to "torturous/in humane [sic] living conditions" as a result of mentally ill inmates being housed in "standard jail cells" and "food port hatches" being installed without springs, stoppers, or other noise-reducing hardware. (Id. at 3.) The housing of mentally ill inmates with the general population caused "excessive/dangerous noise at random hours of day and night…." (Id.) Similarly, prison staff using the food port hatches caused "damaging noise" in the cell. (Id.)

Plaintiff claims the above conditions of his confinement caused plaintiff "physical injuries, pain and suffering, and mental anguish" in the form of sleep deprivation, hypertension, anxiety, headaches, ear pain, hearing loss, and more. (Id.) Plaintiff seeks compensatory relief of

eight hundred thousand dollars ($800,000) and injunctive relief in the form of noise buffers for the food port hatches and special cells for "known mentally ill inmates and inmates that exude similar behavior." (Id. at 6.)

**IV.     Does Plaintiff State a Claim under § 1983?**

    **A.  Monell Claim**

Plaintiff names the County of Sacramento as the sole defendant in the FAC. (ECF No. 13 at 1, 2.)

The U.S. Supreme Court has held that local governmental entities, e.g., cities, counties, and local officers sued in their official capacity, are "persons" for purposes of section 1983, rendering them directly liable for constitutional violations if carried out pursuant to local policies or customs. McMillian v. Monroe County, 520 U.S. 781, 784-85 (1997); Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690-92 (1978). Accordingly, the County may be considered a person under § 1983. However, "a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell, 436 U.S. at 691. "[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue. Respondeat superior or vicarious liability will not attach under § 1983." Collins v. City of Harker Heights, 503 U.S. 115, 123 (1992) (original emphasis), citing Monell, 436 U.S. at 694-5. Accordingly, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694.

A local government entity may also "be liable if it had a policy or custom of failing to train its employees and that failure to train caused the constitutional violation." Collins, 503 U.S. at 123. Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which can be attributed to a municipal policymaker. Otherwise, the existence of the unconstitutional policy, and its origin, must be separately proved."

1  City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985).

2        The FAC does not identify any policy or custom that caused a violation of his
3  constitutional rights.  Plaintiff claims that he was subject to dangerous conditions of confinement
4  as a result of noise caused by other inmates and by the food port hatches on the cells.  (ECF No.
5  13 at 3.)  However, nothing in the FAC establishes that these conditions existed as a result of
6  prison policy nor does plaintiff specify what policy would be responsible.  Thus, the allegations
7  fail to state a claim against Sacramento County.  Davis v. City of Ellensburg, 869 F.2d 1230,
8  1233 (9th Cir. 1989) ("A plaintiff cannot prove the existence of a municipal policy or custom
9  based solely on the occurrence of a single incident of a municipal policy or custom based solely
10 on the occurrence of a single incident of unconstitutional action by a non-policymaking
11 employee.").

12       **B. Conditions of Confinement**

13       As found above, the FAC fails to state a cognizable claim.  Even if plaintiff were to have
14 alleged sufficient facts to establish municipal liability under Monell, the FAC fails to state a
15 cognizable claim for the conditions of plaintiff's confinement.

16       The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.
17 Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual
18 punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986);
19 Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).
20 Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy
21 and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited
22 by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

23       To state a claim under the Eighth Amendment for inhumane or unsafe conditions of
24 confinement, a prisoner must show that prison officials were deliberately indifferent to a
25 substantial risk of harm to his health or safety.  See, e.g., Farmer v. Brennan, 511 U.S. 825, 847
26 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010).  "Deliberate indifference
27 describes a state of mind more blameworthy than negligence" but is satisfied by something "less
28 than acts or omissions for the very purpose of causing harm or with knowledge that harm will

1 result." Farmer, 511 U.S. at 835.  Plaintiff must demonstrate first that the seriousness of the risk
2 was obvious or provide other circumstantial evidence that defendants were aware of the
3 substantial risk to his health, and second that there was no reasonable justification for exposing
4 him to that risk.  Lemire v. Calif. Dep't of Corrs. and Rehab., 726 F.3d 1062, 1078 (citing
5 Thomas, 611 F.3d at 1150).  "[A]n official's failure to alleviate a significant risk that he should
6 have perceived but did not, while no cause for commendation, cannot under our cases be
7 condemned as the infliction of punishment."  Farmer, 511 U.S. at 838.  Instead, a defendant must
8 have knowledge of risk to be deliberately indifferent.  Id. at 838-40.  The obviousness of a risk
9 can be used to help establish defendant's knowledge but it is not conclusive.  Id. at 843.

10 The allegations in the FAC fail to establish that the conditions plaintiff is discussing
11 represent a substantial risk of harm to the plaintiff.  Lemire, 726 F.3d at 1078.  Additionally,
12 plaintiff fails to show that defendants showed deliberate indifference to this risk of harm.  In
13 particular, plaintiff has failed to satisfy the knowledge requirement to state a deliberate
14 indifference claim.  Farmer, 511 U.S. at 838-40.  As such, these claims are not cognizable as
15 presently alleged.  Plaintiff may be able to state a claim in an amended complaint.  As such, he
16 will be given the opportunity to file an amended complaint.

## AMENDING THE COMPLAINT

18 As set forth above, plaintiff has failed to allege sufficient facts to state a claim.  However,
19 plaintiff will be given the opportunity to file an amended complaint.  If plaintiff files an amended
20 complaint, any amended complaint must be complete in itself.  The court cannot refer to a prior
21 complaint to understand the plaintiff's claims.

22 In an amended complaint plaintiff must clearly identify each defendant and the action that
23 defendant took that violated plaintiff's constitutional rights.  The court is not required to review
24 exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If
25 plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging
26 allegations must be set forth in the amended complaint, so defendants have fair notice of the
27 claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support
28 of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R.

Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

////

////

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's First Amended Complaint (ECF No. 13) is dismissed with leave to amend.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: January 2, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/kami2245.scrn_lta

9