UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARD KAMILCHU, | No. 2:21-cv-02245 DB P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action seeking relief pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's second motion for an extension of time to file a third amended complaint (ECF No. 21), which includes a request to appoint counsel should the court deny the motion, and his motion to seal "any attachments, exhibits, or filings containing health information" (ECF No. 22). For the reasons stated below, the court will grant in part and deny in part the motion for extension of time, and deny the motion to seal.

**I.     Background**

On June 24, 2023, the court dismissed plaintiff's second amended complaint (ECF No. 17) with leave to amend because it did not state any cognizable claims. (ECF No. 18.) Plaintiff was granted thirty days to file a third amended complaint. (Id.)

////

On July 17, 2023, plaintiff filed a motion for an extension of time to file a third amended complaint. (ECF No. 19.) In it, he asked the court to extend the deadline to May 15, 2024, or until prison officials granted him access to a computer with a word processor. (Id. at 1.) He cited physical disabilities and health conditions that make it difficult for him to write, and stated that prison officials denied his reasonable accommodation request for access to a computer. (Id. at 2.) On July 28, the court granted in part and denied in part plaintiff's motion for an extension of time and directed plaintiff to file a third amended complaint no later than sixty days from the date of the order. (ECF No. 20.) It advised plaintiff that "[a]bsent extraordinary circumstances, no further extension of time will be granted for this purpose." (Id. at 2.)

**II.      Motion for Extension of Time**

On September 25, 2023,[1] plaintiff filed a second motion for an extension of time to file an amended complaint. (ECF No. 21). He again asks the court to extend the deadline to May 15, 2024 due to physical disabilities that make writing painful. (Id. at 2.) He believes that, due to these disabilities, "it would take an extraordinary amount of time" to write an amended complaint. (Id.) In support, he attached medical documentation and a copy of his reasonable accommodation request asking prison officials for access to a computer with a keyboard and word processing software. (Id. at 3–11.) In the alternative, he asks the court to stay its July 28, 2023 order (ECF No. 20) and to appoint plaintiff counsel "due to the complexity of these matters." (Id.)

Motions for an extension of time are governed by Rule 6 of the Federal Rules of Civil Procedure. Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258 (9th Cir. 2010). That rule provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

---

[1] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Campbell v. Henry, 614 F.3d 105, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

2

   (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1). "[R]equests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" Ahanchian, 624 F.3d at 1259.

  The court finds good cause to grant in part and deny in part plaintiff's second motion for an extension of time to file an amended complaint. Here, the court directed plaintiff to file a third amended complaint on or before September 26, 2023. (ECF No. 20.) Plaintiff filed the motion for an extension of time on September 25. (ECF No. 21). The motion was therefore timely and the court should grant it "in the absence of bad faith on" plaintiff's part "or prejudice to the adverse party.'" Ahanchian, 624 F.3d at 1259.

  Defendants will not be prejudiced, as there is no operative complaint in this action and defendants have yet to be served. (See ECF No. 18.) There is also no evidence that plaintiff has acted in bad faith. However, plaintiff has not shown adequate grounds for extending the deadline to May 15, 2024. The court notes that, in denying plaintiff's reasonable accommodation request, prison officials informed him that "there are [Americans with Disabilities Act] workers available to help with reading [and] writing to fill out letters" and that "[t]he library is also available for some computer work and assistance." (ECF No. 21 at 6.) Plaintiff has not explained why these resources are not sufficient to prepare an amended complaint prior to May 2024.

  Further, plaintiff's filings do not demonstrate that writing an amended complaint by hand will "take an extraordinary amount of time." (Id. at 2.) Plaintiff's first amended complaint consisted of four pages of handwritten allegations, and he filed it within ninety-nine days of the court's order dismissing the original complaint with leave to amend. (ECF Nos. 10, 13.) His second amended complaint contained five pages of handwritten allegations and was filed within twenty-seven days of the court's order dismissing the first amended complaint with leave to amend. (ECF Nos. 16, 17.) Collectively, the instant motion for an extension of time and the motion to seal contain eight pages written by hand, which include dated copies of plaintiff's healthcare grievances. (ECF Nos. 20, 21, 22.) Five of these pages were produced after the

court's July 28, 2023 order granting plaintiff's first motion for an extension of time.  (See ECF No. 21 at 1–2, 4–5; ECF No. 22.)  Together, these filings indicate that plaintiff could have filed a third amended complaint of comparable length to the first and second amended complaints, within the time period established by the court's June 24, 2023 and July 28, 2023 orders.  (ECF Nos. 18, 20.)

For these reasons, the court will grant plaintiff an additional forty-five days to file a third amended complaint.  No further extension of time will be granted for this purpose, and plaintiff is warned that failure to comply with this order will result in a recommendation that this action be dismissed for failure to prosecute and to comply with court orders.

**III.     Request to Appoint Counsel**

Plaintiff requests that if the court does not extend the deadline to file a third amended complaint to May 15, 2024, the court appoint him counsel.  (ECF No. 21 at 2.)  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335–36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  See Klein v. Williams, 714 F. App'x 631, 634 (9th Cir. 2017).

Plaintiff argues that he should be appointed counsel "in the interest of justice and due to the complexity of these matters."  (ECF No. 21 at 2.)  He has not provided any additional arguments to support the appointment of counsel.

////

4

In the present case, the court does not find the required exceptional circumstances. Wilborn, 789 F.2d at 1331; Weygandt, 718 F.2d at 954. First, for the reasons discussed above, plaintiff has not established that the pain in his hand requires the assistance of counsel to prepare an amended complaint. Second, plaintiff's claims are not particularly complex. Although the court dismissed plaintiff first amended complaint and second amended complaint for failure to state a cognizable claim,[2] it was not due to plaintiff's inability to articulate his claims; rather, the court found that plaintiff's factual allegations were insufficient to support an inference that defendants acted in an objectively unreasonable manner or with deliberate indifference, as the Eighth Amendment requires. (ECF No. 16 at 7; ECF No. 18 at 6–9.)

Finally, at this early stage in the litigation, when there is no operative complaint, the court cannot assess plaintiff's likelihood of success on the merits. Accordingly, plaintiff's request to appoint counsel is denied.

**IV.     Motion to Seal**

Plaintiff also filed a motion to seal requesting that "any attachments, exhibits or 'filings containing health information, in this filing, future filings or past, be not made public.'" (ECF No. 22.) Plaintiff is advised that all documents filed with the court are presumptively public. See San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999). Therefore, documents that are the subject of a protective order may be filed under seal only if a sealing order is first obtained. See Local Rule 141.1. A party seeking to obtain a sealing order shall comply with the provisions of Local Rule 141, which sets forth a specific procedure for seeking a sealing order. After compliance with Local Rule 141, the court will issue an order granting or denying the request to seal. Moreover, Local Rule 140 addresses the limited circumstances in which a party may file redacted documents.

Because plaintiff's motion to seal does not comply with Local Rule 141, the court will deny the motion without prejudice.

////

---

[2] The court dismissed the original complaint with leave to amend because the text was illegible. (ECF No. 10 at 2–3.)

V.  **Conclusion**

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 21) is granted in part and denied in part.
2. Not later than forty-five days from the date of service of this order, plaintiff shall file a third amended complaint.
3. Absent extraordinary circumstances, no further extension of time will be granted for this purpose.
4. Plaintiff's request for the appointment of counsel (ECF No. 21) is denied without prejudice.
5. Plaintiff's motion to seal (ECF No. 22) is denied without prejudice.
6. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: October 26, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB: 15
DB/DB Prisoner Inbox/Civil Rights/R/kami2245.36.sec