UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARD KAMILCHU,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>　　　　　Defendants. | No. 2:21-cv-02245-DB<br><br><br>ORDER & FINDINGS & RECOMMENDATIONS |

  Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action seeking relief pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's request for a stay and abeyance. (ECF No. 24.) For the reasons stated below, the undersigned recommends that plaintiff's motion for a stay and abeyance (ECF No. 24) be denied, and this action be dismissed.

  Plaintiff asserts that due to health issues he is unable to pursue any and all legal matters. (ECF No. 24 at 1.) Plaintiff then states he does not have access to scribe services or electronic typing implementations within CDCR and he is currently awaiting diagnostic "work-up to thoroughly evaluate and diagnose [his] illnesses and disability." (Id.) Plaintiff acknowledges that he does not know when he will be able to continue pursuing his legal matters. (Id.)

  The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). "Generally, stays should not be indefinite in nature."

Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066-67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000). The party seeking the stay bears the burden of establishing the need to stay the action. Clinton, 520 U.S. at 708.

Here, plaintiff has not established the need to stay this action. In support of his motion plaintiff provided grievances submitted and the affiliated response. (ECF No. 24 at 3-6.) The plaintiff's grievance indicates that he found the accommodation of an ADA worker and custody staff's assistant to be unacceptable. (Id. at 6.) Further, the response to plaintiff's grievance asserts that ADA workers and staff can assist with paperwork. (Id. at 3-4.) Accommodations have been offered and plaintiff has not explained why these resources are not sufficient to pursue this case.

Plaintiff has received extensions totaling 138 days and has still not filed his third amended complaint. On June 24, 2023, the court dismissed plaintiff's second amended complaint (ECF No. 17) with leave to amend because it did not state any cognizable claims. (ECF No. 18.) Plaintiff was granted thirty days to file a third amended complaint. (Id.) By order filed June 26, 2023, plaintiff's complaint was dismissed, and thirty days leave to file an amended complaint was granted. In lieu of filing his complaint plaintiff asked for an extension of time to May 15, 2024. (ECF No. 19.) On July 28, 2023, plaintiff was granted an additional thirty days in which to file an amended complaint. (ECF No. 20.) At that time plaintiff was cautioned that no further extensions would be granted absent extraordinary circumstances. (Id.) Plaintiff yet again requested an extension of time to May 15, 2024. (ECF No. 21.) In response the undersigned granted plaintiff forty-five days to file a third amended complaint. (ECF No. 23.) Once again plaintiff was cautioned that absent extraordinary circumstances no further extension of time would be granted and failure to comply with the order would result in a recommendation this action be dismissed. (ECF No. 23 at 6.)

////

////

////

2

Forty-five days from that date have now expired, and plaintiff has not filed an amended complaint of shown that extraordinary circumstances exist that would allow for another extension of time. Accordingly, the undersigned will recommend that this action be dismissed for failure to prosecute and failure to comply with court orders.

IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign this action to a United States District Judge.

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Plaintiff's request for a stay and abeyance (ECF No. 24) be denied;

2) That this action be dismissed without prejudice. See Local Rule 110; Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 5, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB16
DB/Prisoner Inbox/ Civil Rights/s/kami2245.fta.ext

3